In the Matter of the Probate of the Will of Stanley Dennis, Deceased.

Surrogate's Court, Suffolk County, September 8, 1954.

*Morris & Mitchell* for Hazel Dennis, proponent.

*William Lawrence Underwood* for Anna J. Dennis, contestant.

Hazleton, S. This motion is made by proponent to dismiss the objections filed against the propounded paper, upon the grounds that they are sham and false. The motion is brought under rule 104 of the Rules of Civil Practice which in turn is made applicable to this probate proceeding by section 316 of the Surrogate's Court Act.

The objections filed by a contestant in a Surrogate's Court proceeding may be considered in the nature of an answer. (*Matter of Walsh,* 107 Misc. 475.) Therefore, the familiar precedents concerning motions of this type brought in the Supreme Court become controlling here. These citations are handily collated in section 83 of Tripp's Guide to Motion Practice.

The petitioner who was named executrix and sole beneficiary by decedent was married to him after he had obtained a divorce from contestant, his first wife, in the State of Massachusetts. The contestant, in paragraph "First" of her amended objections alleges that the propounded paper was not freely or voluntarily executed by decedent and that its execution was procured by the undue influence and fraud of petitioner in that " the testator did not make any provision in his Will for contestant, his first wife ". Then contestant goes on to claim that decedent was a resident of the State of New York when he obtained his Massachusetts divorce, proceeds to attack the validity of said divorce as well as decedent's subsequent marriage to petitioner and concludes by praying that she be declared decedent's legal widow and thus rightfully entitled to her right of election in decedent's estate.

Be that as it may, it seems clear to me that what contestant seeks to accomplish is to have the Massachusetts divorce held invalid so that in turn decedent's marriage to petitioner would be void. However, this cannot be done by filing objections to the will but rather by a proceeding in which contestant would seek to enforce her alleged right of election as surviving spouse of decedent under section 18 of the Decedent Estate Law.

Objections must contain a plain and concise statement of the facts constituting the objections. (Surrogate's Ct. Act, § 49.) The instant objections do not contain such a statement but rather a lengthy attack upon the divorce obtained in Massachusetts and the marriage between decedent and petitioner. Therefore, it follows that when considered as an answer to the petition which itself is in the nature of a complaint, the objections upon their face are ineffective and futile as a matter of law since they do not concern the execution of the will, or the condition of the decedent when the paper was executed.

I, therefore, consider the objections (answer) to be a nullity and grant the motion to dismiss same. However, in the event the contestant is able to file valid objections to the probate of the propounded paper she may do so within ten days after service upon her attorney of the order to be entered herein.

Submit order accordingly on notice.