S. Samuel Di Falco, S.
This is a motion by the proponent of the will for summary judgment pursuant to rule 113 of the Buies of Civil Practice. The court deems oral argument of the motion unnecessary. The proponent is the widow of deceased and the principal beneficiary under the instrument offered for probate. The contestant is a son of the deceased who has filed objections containing the usual allegations of lack of proper execution of the instrument and that said instrument was procured by the fraud and undue influence of a person or persons unknown.
In Matter of Pascal (309 N. Y. 108,113) the Court of Appeals held the provisions of rule 113 of the Buies of Civil Practice may be invoked in proceedings in the Surrogate’s Court “ although occasion for granting such relief may be rare in a probate proceeding. ’ ’ The court denied summary judgment in the situation presented in the Pascal case. Besearch by counsel for the parties and by the court fails to find a reported case in which summary judgment was granted on the issues of fraud and undue influence in a probate proceeding. In any event, the circumstances in the instant case are not within the “ rare occasion ’ ’ in which summary judgment may be granted.
In his answering affidavit on this motion, the son asserts that the instrument was not freely made by the deceased but was the product of the proponent’s 'fraud and undue influence. He asserts that in 1952 the deceased suffered the first of a series of heart attacks which so affected his health as to render him vulnerable to the domination and undue influence of the proponent. Further that, beginning in 1953, the hostility of the proponent towards him caused a serious deterioration of his relationship with the deceased and that the testamentary instrument resulted from her undue pressure on deceased and reflected her wishes and not the wishes of the testator. There has been submitted in support of this motion affidavits of doctors who attended the deceased and the son properly contends that his right to cross-examine the doctors on a trial should not be denied him by the granting of summary judgment.
It is obvious that genuine issues of fact are raised which can only be disposed of on a trial. The motion for summary judgment is denied.
Submit order on notice.