John D. Bennett, S.
This is a motion for summary judgment by the proponent seeking to dismiss the objections filed in this contested probate proceeding.
In Matter of Pascal (309 N. Y. 108,113), the Court of Appeals held that motions for summary judgment may be made in proceedings in the Surrogate’s Court “ although occasions for granting such relief may be rare in a probate proceeding ’ ’.
As observed by the court in Matter of Avrutine (20 Misc 2d 107,108), there appears to be no reported case in which summary judgment was granted in a probate proceeding on the issues of fraud and undue influence.
The proponent stresses the fact that the contestant has stated in his examination before trial that he has no testimony or factual information in support of his claim that the propounded instrument was the product of undue influence exercised by two named individuals. However, undue influence is seldom practiced openly, but on the contrary, generally subtly and secretively. Since it is not often the subject of direct proof, it must be 11 shown by all the facts and circumstances surrounding the testator, the nature of the will, his family relations, the condition of his health and mind, his dependency upon and subjection to the control of the person supposed to have wielded the influences, the opportunity and disposition of the person to wield it, and the acts and declarations of such person (Rollwagen v. Rollwagen, 63 N. Y. 504, 519.)
It is obvious that if undue influence were practiced as alleged, the persons who allegedly exercised such influence certainly
*354 have intimate knowledge of the facts. Where such is the case, credibility should not he determined on affidavits but rather by proof submitted at a trial (Levine v. Behn, 282 N. Y. 120; Newman v. Newark Fire Ins. Co., 281 App. Div. 852; Verity v. Peoples State Bank of Baldwin, 1 A D 2d 833).
Under all the circumstances the motion for summary judgment is denied.