Irving A. Green, J.
Motion to dismiss objections which have been filed to the probate of the propounded instrument by a daughter of the decedent, by his prior marriage. As a distributee, disinherited by the terms of the propounded instrument[1], objectant has status to file objections to probate herein (SOPA 1410).
The notice of motion neither states the grounds upon which the motion is predicated nor the section of law pursuant to which the motion is made. The court considers this improper motion practice (CPLB 2214). The court, however, will consider this motion, based upon the supporting and opposing affidavits submitted thereunder, as a motion for summary judgment under CPLB 3212, which is made applicable to this proceeding by SOPA 102. This court can make a summary disposition of objections filed in a probate proceeding where the pleading fails to allege ultimate facts sufficient to present any triable issue affecting the admission to probate of the propounded instrument. (Matter of Pascal, 309 N. Y. 108; Matter of Broch, 12 Misc 2d 364; Matter of Avrutine, 20 Misc 2d 107; Matter of Fuller, 45 Misc 2d 353; Matter of Dennis, 206 Misc. 593.)
*340 The gravamen of the objections is that the objectant’s mother obtained an Alabama divorce from the decedent in September, 1959, which the objectant asserts was, and is, invalid, because neither party was a bona fide resident of that foreign State and objectant’s mother went to Alabama solely for the purpose of obtaining such divorce. Objectant contends, in the event the divorce is established to be invalid, that the marriage contracted with the proponent following such divorce was, and is, bigamous; and claims, as a consequence thereof, the testator would be deemed to have died intestate as to the objectant who would thereby become entitled to the entire estate. Objectant’s mother survived the testator and now resides in Liberty, New York, which is the same address listed for objectant in ■the probate petition. No papers have been submitted on this motion by or on behalf of objectant’s mother.
For the purpose of this motion the court considers all of the averments of objectant as true and established. Nevertheless, the objections are insufficient to raise any triable issues to deny probate to the propounded instrument. Since objectant was not a party to the divorce decree, she may challenge its validity (Matter of Lindgren, 293 N. Y. 18). However, the validity o>r invalidity of the divorce decree cannot affect the right to probate of the propounded instrument. It is axiomatic that a testator may dispose of his property as he sees fit so long as it is not contrary to law or public policy (Matter of Kelley, 225 App. Div. 29, affd. 251 N. Y. 529; Matter of Kramer, 172 Misc. 598, 602). A parent can disinherit a child (Rice v. Andrews, 127 Misc. 826). Assuming, arguendo, the invalidity .of the divorce decree, the proponent herein, who is recognized and declared, ifi the propounded instrument, to be the wife of the testator, must be so regarded for the purpose of the will and no one else could claim any such position under the will (Gelston v. Shields, 78 N. Y. 275, 280). Similarly, the resultant bigamous marriage between the decedent and proponent, if the divorce decree were invalid, would not bar the proponent from her right to receive the gifts provided for her in the testamentary instrument propounded for probate. This precise question was settled in Taylor v. Higgs (202 N. Y. 65, 68). The law regards with disfavor the divesting of any person of his or her property rights and entitlement to receive testamentary gifts by reason of criminal activity. The law is that even where a person is deemed civilly dead, following a criminal conviction, such person does not lose his property rights and is qualified to take testamentary gifts or inherit *341 property as a distributee (7 Warren’s Heaton, Surrogates’ Courts, § 11, par. 3; Matter of Cirello, 50 Misc 2d 1007). A fortiori, in this case, giving objectant the benefit of her allegations in their entirety, they are insufficient as a defense or bar to the admission to probate of the propounded instrument.
Accordingly, the motion is granted. Settle order in accordance with section 1830.23 of the Uniform Buies for all Surrogates ’ Courts, Second Department (22 NYCRR 1830.23).

. By the terms of the will the entire estate passes to proponent who is therein described as “my wife” and who survived the testator. Had she not so survived, the entire estate passed to objectant and designated stepdaughters, share and share alike.