■ In the Matter of the Estate of Isaac Raskas, Deceased. Donald Fidlow, Appellant; American Society for the Prevention of Cruelty to Animals, Respondent. [624 NYS2d 279] —In a contested probate proceeding, the proponent appeals from stated portions of an order of the Surrogate's Court, Kings County (Bloom, S.), dated August 31, 1993, which denied those branches of his motion for summary judgment which were to dismiss the objections of lack of testamentary capacity, fraud, and undue influence.

Ordered that the order is affirmed insofar as appealed from, with costs payable by the appellant individually.

Approximately one week before his death, while he was hospitalized with terminal cancer, the testator allegedly dictated the propounded will to his nephew, Donald Fidlow (hereinafter the proponent). In direct contrast to two of the testator's prior wills as well as various other writings which specifically disinherited the testator's relatives, the propounded will leaves the testator's entire estate to the proponent and also names him as executor. The proponent petitioned the Surrogate's Court to admit this will to probate whereupon the American Society for the Prevention of Cruelty to Animals (hereinafter the objectant), one of the beneficiaries under the testator's prior wills, filed objections relating, *inter alia,* to testamentary capacity and the issues of fraud and/or undue influence. The proponent's motion for summary judgment to dismiss the objections was denied by the Surrogate except to the extent of finding that the propounded will was duly executed. We affirm.

It is well established that summary judgment is "a drastic

remedy, the procedural equivalent of a trial," and should not be granted where "triable issues of fact are raised that cannot be resolved on conflicting affidavits" *(Epstein v Scally,* 99 AD2d 713, 714, citing *Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395). Moreover, "[w]hen there is conflicting evidence or the possibility of drawing conflicting inferences from undisputed evidence, *the issue of [testamentary] capacity is one for the jury" (Matter of Kumstar,* 66 NY2d 691, 692 [emphasis added], citing Rohan, Practice Commentary, McKinney's Cons Laws of NY, Book 17B, EPTL 3-1.1, at 275). At the time the propounded will was executed, the testator was in a weakened condition from his disease and had previously been administered a combination of potent pain killing medication. Under such circumstances, his ability to understand the nature and consequences of his actions may well have been affected *(see, Matter of Elmore,* 42 AD2d 240; *Matter of Simon,* 47 Misc 552).

Furthermore, the fact that the propounded will designated the proponent as the sole beneficiary, when viewed in the context surrounding the will's drafting and execution, raises further questions of fact concerning whether the proponent's exerted undue influence and/or perpetrated a fraud upon the testator *(see, Matter of Bach,* 133 AD2d 455, 456; *Matter of Fuller,* 45 Misc 2d 353). Accordingly, the Surrogate correctly concluded that the issues of testamentary capacity, fraud, and undue influence should be resolved at trial. Lawrence, J. P., Santucci, Friedmann and Florio, JJ., concur.