■ In the Matter of the Estate of PAUL ITTA, Deceased. JOHN P. ITTA, Appellant-Respondent; ALICE M. VLACHOS, Respondent-Appellant. [638 NYS2d 759]

This appeal concerns a will contest between a brother and sister over their father's last will and testament which disinherited the sister. Contrary to the contention of brother, the proponent of the will, the evidence raised sufficient issues of fact to warrant submitting the issue of undue influence to the jury (*see, Matter of Walther,* 6 NY2d 49; *Matter of Burke,* 82 AD2d 260).

One week after the 94-year-old decedent's admission to a nursing home, the proponent, without notifying the objectant and against the advice of the decedent's physician, drove the decedent to a lawyer's office where the decedent executed a will naming the proponent as his sole beneficiary. This and other evidence permitted the inference that the proponent had convinced the decedent, in his weakened physical and mental state, that the objectant had misappropriated money from the decedent's accounts and, therefore, should not benefit from an inheritance (*see, Matter of Kaufman,* 20 AD2d 464, 483, *affd* 15 NY2d 825). The will, which disinherited a natural object of the decedent's bounty (*see, Matter of Elmore,* 42 AD2d 240), consti-

tutes an "unexplained departure from a previously expressed intention of the decedent" (*Matter of Walther, supra,* at 55). That the proponent was the sole beneficiary (*see, Matter of Raskas,* 213 AD2d 718; *Matter of Bach,* 133 AD2d 455) and procured the will in secrecy (*see, Matter of Collins,* 124 AD2d 48) raised further questions of fact requiring resolution by a jury.

The proponent's remaining contentions are unpreserved for appellate review (*see,* CPLR 5501 [a] [3]). O'Brien, J. P., Copertino, Santucci and Krausman, JJ., concur.