In the Matter of the Estate of BRIGITTE GERDJIKIAN, Deceased. DENNIS GERDJIKIAN et al., Appellants; BRIGITTE MULLER, Respondent. [777 NYS2d 653]—

In a probate proceeding, the objectants appeal from an order of the Surrogate's Court, Suffolk County (Weber, S.), dated December 19, 2002, which granted the motion of Brigitte Muller, the proponent of the will of Brigitte Gerdjikian dated October 5, 1999, for summary judgment dismissing their objections to probate of the will.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion which was for summary judgment dismissing the objection based on undue influence and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Surrogate's Court, Suffolk County, for further proceedings consistent herewith.

There was no evidence that the will executed by the decedent on October 5, 1999, was procured by fraud on the part of the proponent of the will, nor was there any basis for the objectants' contention that the will was not duly executed (*see Matter of Evanchuk,* 145 AD2d 559 [1988]; *Matter of Hedges,* 100 AD2d 586 [1984]). Furthermore, the proponent set forth prima facie evidence that the decedent was of sound mind and memory at the time of execution and thus possessed the testamentary

capacity required by EPTL 3-1.1 (*see Matter of Kumstar,* 66 NY2d 691, 692 [1985]; *Matter of Delmar,* 243 NY 7, 10 [1926]). In response, the objectants failed to raise a triable issue of fact. The decedent's alleged belief that she owned certain securities which, in fact, had previously been transferred from an account she held jointly with the proponent into an account held solely by the proponent was a mistake of fact, which did not affect the validity of the will (*see Matter of Young,* 289 AD2d 725, 727 [2001]; *cf. Vogt v Witmeyer,* 212 AD2d 1013, 1014 [1995]).

There was, however, sufficient circumstantial evidence of the exercise of undue influence to warrant a trial on that question. The proponent, the decedent's daughter, in whose home the decedent resided for the last 19 years of her life, had both the motive and the opportunity to exercise undue influence, and there was evidence that she may have utilized such influence (*see Matter of Walther,* 6 NY2d 49 [1959]). The record contains evidence, albeit disputed, that during the month prior to the decedent's execution of the will, the proponent threatened to evict the decedent from her home, causing the decedent agitation over the prospect of being required to live in a nursing home. Moreover, there was evidence that the attorney who drafted the will was associated with the proponent's family attorney, and acted, to some extent, "under [the proponent's] direction" (*Matter of Lamerdin,* 250 App Div 133, 135 [1937]; *see Matter of Burke,* 82 AD2d 260, 274 [1981]; *Matter of Elmore,* 42 AD2d 240, 241 [1973]). Accordingly, that branch of the motion which was for summary judgment dismissing the objection based on undue influence should have been denied. Santucci, J.P., Krausman, Schmidt and Rivera, JJ., concur.