■ In the Matter of the Estate of BERNARD GREENBERG, Deceased. ANDREW COLMAN, Respondent; HARVEY GREENBERG, Appellant. [826 NYS2d 119]—

In a proceeding pursuant to SCPA 2205 to compel an accounting, Harvey Greenberg appeals (1) from an order of the Surrogate's Court, Queens County (Nahman, S.), dated May 26, 2005, which denied his motion for summary judgment dismissing the petition, and (2), as limited by his brief, from so much of an order of the same court dated August 8, 2005, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated May 26, 2005 is dismissed, as that order was superseded by the order dated August 8, 2005, made upon reargument; and it is further,

Ordered that the order dated August 8, 2005 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondent payable by the appellant personally.

When the decedent died intestate in August 2003, his mother, Goldie Greenberg, who was approximately 95 years old at the time, stood to inherit his entire estate. On the day of the decedent's death, Ms. Greenberg executed an assignment of her sole interest in the estate to her son Harvey (hereinafter the appellant). She also renounced her right to serve as administrator, in favor of the appellant. The assignment and several other estate planning documents were prepared in apparent secrecy by the appellant's attorney, despite the fact that the family had long-standing counsel. In January 2004, Ms. Greenberg, aided by her grandson, the petitioner Andrew Colman, and her family attorney, executed a renouncement of the first assignment and executed a second assignment, which distributed 40% of the estate to the appellant, 20% to her daughter Frances, and 40% to the petitioner.

The petitioner commenced the instant proceeding for an accounting, alleging that he was a person interested in the estate pursuant to the second assignment, and that the first assignment was the result of undue influence and therefore void. The

appellant moved to dismiss the proceeding, inter alia, on the ground that the petitioner lacked standing because the first assignment rendered the second assignment void. The court denied the motion, and the parties conducted discovery, after which Ms. Greenberg passed away. The appellant then moved for summary judgment dismissing the petition, on the ground that the existence of the first assignment voided the second assignment and deprived the petitioner of standing. The Surrogate's Court denied the motion and upon reargument, adhered to that determination. We affirm.

Contrary to the appellant's contentions, the Surrogate's Court properly denied the motion. A finding of undue influence requires a showing of "a moral coercion, which restrained independent action and destroyed free agency, or which, by importunity which could not be resisted, constrained the testator to do that which was against his free will and desire, but which he was unable to refuse or too weak to resist" (*Matter of Walther*, 6 NY2d 49, 53-54 [1959] [internal quotation marks omitted]; *see Matter of Cavallo*, 6 AD3d 434, 435 [2004]).

Here, in opposition to the appellant's prima facie showing of entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]), the petitioner raised a triable issue of fact as to whether, under the circumstances, the subject assignment was procured through the undue influence of the appellant (*see Matter of Rosen*, 296 AD2d 504, 505 [2002]; *Matter of Antoinette*, 238 AD2d 762, 763 [1997]; *Matter of Itta*, 225 AD2d 548, 548-549 [1996]). Moreover, the petitioner raised an issue of fact as to whether the appellant and Ms. Greenberg stood in a confidential or fiduciary relationship (*see Matter of Gordon v Bialystoker Ctr. & Bikur Cholim*, 45 NY2d 692, 699 [1978]; *Matter of Antoinette, supra* at 763; *Matter of Connelly*, 193 AD2d 602 [1993]).

Accordingly, the motion for summary judgment was properly denied. Florio, J.P., Krausman, Lunn and Covello, JJ., concur.