JOHN RANDOLPH HEARST, JR., Appellant, v BARBARA HEARST et al., Respondents. [857 NYS2d 596]—

In an action, inter alia, to recover damages for fraud, conversion, and legal malpractice, the plaintiff appeals (1) from an order of the Supreme Court, Suffolk County (Burke, J.), entered March 13, 2007, which, among other things, upon converting the motion of the defendants Barbara Hearst and Genta Hawkins Holmes pursuant to CPLR 3211 (a) (5), (7), and (10) to dismiss the complaint insofar as asserted against them to one for summary judgment dismissing the complaint insofar as asserted against them, granted the motion, (2) from an order of the same court also entered March 13, 2007, which, upon converting the motion of the defendants Leonard Ackerman, Ackerman & Wainwright, LLP, and Ackerman & O'Brien, LLP, pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them to one for summary judgment dismissing the complaint insofar as asserted against them, granted the motion, (3) from a judgment of the same court entered May 23, 2007, which, upon the first order entered March 13, 2007, is in favor of the defendants Barbara Hearst and Genta Hawkins Holmes and against him, dismissing the complaint insofar as asserted against those defendants, and is in favor of the defendant John R. Hearst, Jr., Irrevocable Trust and against him dismiss-

ing the complaint insofar as asserted against that defendant, (4) from a judgment of the same court entered July 13, 2007, which, upon the second order entered March 13, 2007, is in favor of the defendants Leonard Ackerman, Ackerman & Wainwright, LLP, and Ackerman & O'Brien, LLP, and against him dismissing the complaint insofar as asserted against those defendants, and (5), as limited by his brief, from so much of an order of the same court dated July 23, 2007, as denied that branch of his motion which was for leave to renew his opposition to the defendants' prior motions.

Ordered that the appeals from the orders entered March 13, 2007 are dismissed; and it is further,

Ordered that the judgment entered May 23, 2007 is reversed, on the law, the converted motion of the defendants Barbara Hearst and Genta Hawkins Holmes for summary judgment dismissing the complaint insofar as asserted against them is denied, the complaint is reinstated insofar as asserted against those defendants and the defendant John R. Hearst, Jr., Irrevocable Trust, and the first order entered March 13, 2007 is modified accordingly; and it is further,

Ordered that the judgment entered July 13, 2007 is modified, on the law, by deleting the provision thereof dismissing the causes of action alleging aiding and abetting fraud and legal malpractice insofar as asserted against the defendants Leonard Ackerman, Ackerman & Wainwright, LLP, and Ackerman & O'Brien, LLP; as so modified, the judgment entered July 13, 2007 is affirmed, that branch of the converted motion which was for summary judgment dismissing the causes of action alleging aiding and abetting fraud and legal malpractice insofar as asserted against the defendants Leonard Ackerman, Ackerman & Wainwright, LLP, and Ackerman & O'Brien, LLP, is denied, those causes of action insofar as asserted against those defendants are reinstated, and the second order entered March 13, 2007 is modified accordingly; and it is further,

Ordered that the appeal from the order dated July 23, 2007 is dismissed as academic in light of our determinations on the appeals from the judgments, and it is further,

Ordered that one bill of costs is awarded to the plaintiff, payable by the respondents appearing separately and filing separate briefs.

The appeals from the two intermediate orders entered March 13, 2007 must be dismissed, as the right of direct appeal therefrom terminated with the entry of the judgments in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeals from the two orders entered March 13, 2007 are

brought up for review and have been considered on the appeals from the judgments (*see* CPLR 5501 [a] [1]).

In 1989 the plaintiff suffered a stroke. On June 21, 1990 he and the defendant Barbara Hearst (hereinafter Barbara) were married. In 2004 Barbara commenced a divorce action against the plaintiff. After she filed for divorce, the plaintiff alleged that he discovered that Barbara, with the aid of their attorney, the defendant Leonard Ackerman, fraudulently deprived him of title and use of more than $20 million in real property and other investments that he had acquired with inherited funds during their 14 years of marriage. According to the plaintiff, he was unable to resist the alleged wrongful conduct due to his poor health resulting from the stroke. Thereafter, in January 2006 the plaintiff commenced the instant action against the defendants asserting, among other things, causes of action sounding in fraud, aiding and abetting fraud, breach of fiduciary duty, conversion, and legal malpractice. He sought, inter alia, damages and the rescission of certain deeds, trust indentures, and other documents that he was allegedly induced to execute during the course of the marriage as a consequence of the defendants' allegedly fraudulent, deceptive, and coercive acts.

Barbara and the defendant Genta Hawkins Holmes, who are trustees of the defendant John R. Hearst, Jr., Irrevocable Trust (hereinafter collectively the Hearst defendants), moved to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (5), (7), and (10) and, in a separate motion, the defendants Leonard Ackerman, Ackerman & Wainwright, LLP, and Ackerman & O'Brien, LLP (hereinafter collectively the Ackerman defendants), moved to dismiss the complaint insofar as asserted against them pursuant to CPLR (a) (7). In two orders, both dated November 15, 2006, the Supreme Court converted the separate motions to dismiss the complaint into motions for summary judgment dismissing the complaint, and adjourned the motions to allow the parties to submit their evidentiary proof. Subsequently, in two orders both entered March 13, 2007, the court granted the separate motions for summary judgment dismissing the complaint. On May 23, 2007 and July 13, 2007 separate judgments were entered in favor of the Hearst defendants and the Ackerman defendants, respectively.

For transactions to be invalidated on the basis of undue influence, there must be evidence that a defendant's influence "amounted to a moral coercion, which restrained independent action and destroyed free agency, or which, by importunity

which could not be resisted, constrained the [plaintiff] to do that which was against his [or her] free will and desire, but which he [or she] was unable to refuse or too weak to resist" (*Matter of Walther*, 6 NY2d 49, 53, quoting *Children's Aid Socy. of City of N.Y. v Loveridge*, 70 NY 387, 394 [1877]). Generally, the burden of proving undue influence rests with the party asserting its existence (*see Matter of Connelly*, 193 AD2d 602 [1993]). "However, if a confidential relationship exists, the burden is shifted to the beneficiary of the transaction to prove the transaction fair and free from undue influence" (*Matter of Connelly*, 193 AD2d at 603; *see Matter of Gordon v Bialystoker Ctr. & Bikur Cholim*, 45 NY2d 692, 699 [1978]).

In the instant matter, the Hearst defendants and the Ackerman defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the challenged documents effecting the transfers of property were duly executed, that the plaintiff possessed the legal capacity to contract, that no undue influence had been exercised upon him, and that no fraud had been committed. However, in opposition to the defendants' prima facie showing, the plaintiff raised triable issues of fact as to whether he and Barbara were in a confidential relationship and whether the various executed documents and transfers of property were procured through undue influence. In this regard, the plaintiff presented evidence of his severely-weakened condition after suffering a major stroke that left him housebound, his dependence upon Barbara to manage their day-to-day finances, and her control over essentially all of his assets (*see Matter of Greenberg*, 34 AD3d 806, 807 [2006]; *Alston v Gregory*, 281 AD2d 440 [2001]; *Matter of Antoinette*, 238 AD2d 762, 763 [1997]). There is also evidence raising a triable issue of fact as to whether Barbara exercised undue influence over the plaintiff, since the conveyances during the marriage transferred the bulk of his assets to her which, in effect, disinherited his daughter and grandchildren and departed from his established estate planning goal (*see Matter of Pellegrino*, 30 AD3d 522, 523 [2006]; *Matter of Itta*, 225 AD2d 548, 548-549 [1996]).

Additionally, there is triable issue of fact as to whether Barbara's exercise of control over the plaintiff's finances was in his best interest. In this regard, she was able to transfer assets controlled by the plaintiff to a joint bank account and then to several accounts solely controlled by her. Based upon the statement of net worth that she filed in the divorce action and the plaintiff's affidavit, Barbara held the sum of approximately $8 million in accounts controlled by her and substantially all of the

real estate the plaintiff owned prior to the marriage, worth more than $10 million, while she left a comparatively small sum of liquid assets in their jointly-owned accounts. Consequently, the causes of action alleging breach of fiduciary duty and conversion insofar as asserted against the Hearst defendants should not have been dismissed.

The Supreme Court also improperly dismissed the cause of action alleging legal malpractice insofar as asserted against the Ackerman defendants. A prima facie case of legal malpractice requires proof that the attorney failed to exercise the ordinary and reasonable skill and knowledge commonly possessed by a member of the legal profession, and that the attorney's breach of that duty proximately caused the plaintiff to sustain actual and ascertainable damages (*see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007]; *Bauza v Livington*, 40 AD3d 791, 792-793 [2007]; *Magnacoustics, Inc. v Ostrolenk, Faber, Gerb & Soffen*, 303 AD2d 561, 562 [2003]). Here, the plaintiff alleges that Ackerman represented both Barbara and himself, and was thereby burdened by a conflict of interest, that Ackerman aided Barbara's misappropriation of his assets, and concealed these activities from him. Consequently, there are triable issues of fact with respect to the cause of action alleging legal malpractice (*see Tabner v Drake*, 9 AD3d 606, 610 [2004]), as well as the cause of action alleging the aiding and abetting of fraud, insofar as asserted against the Ackerman defendants.

The parties' remaining contentions either are without merit, or have been rendered academic in light of the foregoing determination. Fisher, J.P., Miller, Carni and Dickerson, JJ., concur. [*See* 2007 NY Slip Op 30481(U).]