■ In the Matter of the Estate of ALLEN M. KATZ, Also Known as ALLEN KATZ, Deceased. BRADLEY KATZ et al., Respondents; KIMBERLY KATZ, Appellant. [881 NYS2d 454]—

In a contested probate proceeding, the objectant Kimberly Katz appeals, as limited by her brief, from so much of an order of the Surrogate's Court, Nassau County (Riordan, S.), dated December 14, 2007, as denied those branches of her motion which were for leave to renew her opposition to the petitioners' motion for summary judgment dismissing the objections to probate, which was granted in an order of the same court dated June 12, 2007, and for leave to amend the objections to include lack of testamentary capacity.

Ordered that the order dated December 14, 2007 is modified, on the law, by deleting the provision thereof denying that branch of the objectant's motion which was for leave to renew her op-

position to the petitioners' motion for summary judgment dismissing the objections to probate and substituting therefor a provision granting that branch of the objectant's motion and, upon renewal, so much of the order dated June 12, 2007, as granted that branch of the petitioners' motion which was for summary judgment dismissing the objections based on undue influence is vacated, and that branch of the petitioners' motion is denied; as so modified, the order dated December 14, 2007, is affirmed insofar as appealed from, without costs or disbursements.

The decedent Allen Katz died on December 30, 2005 survived by his daughter, the objectant Kimberly Katz, and his son, the petitioner Bradley Katz, who was appointed a co-executor of his father's estate under an October 24, 2005, instrument propounded for probate. The propounded instrument left the decedent's entire estate to Bradley Katz and granted the decedent's brother a life estate in a home which the decedent jointly owned with his brother. The objectant received nothing under the propounded will.

The objections to probate alleged, inter alia, that in a prior will of the decedent executed in 1999, the objectant received an equal share of her father's estate along with Bradley Katz and their late brother, that the prior will reflected the true intent of the decedent, and that the propounded will was the product of fraud and undue influence.

The petitioners moved for summary judgment dismissing the objections. The Surrogate's Court granted the motion after finding, inter alia, that the objectant's only evidence in opposition to summary judgment consisted of inadmissible hearsay, and that she failed to submit the medical records from the facility where the decedent resided at the time that the propounded will was executed.

Based on newly-obtained medical records from the facility where the decedent resided when he executed the propounded will and an affidavit from the decedent's treating doctor at this facility, the objectant moved for leave to renew her opposition to the petitioners' motion for summary judgment and for leave to amend the objections to include lack of testamentary capacity. The Surrogate's Court denied the motion on the ground that neither the medical records nor the affidavit warrant a "different outcome on the underlying motion" or serve as a basis to amend the objections.

"A motion for leave to renew: 1. shall be identified specifically as such; 2. shall be based upon new facts not offered on the prior motion that would change the prior determination or

shall demonstrate that there has been a change in the law that would change the prior determination; and 3. shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e]).

Only the second element listed above is contested on this appeal. Contrary to the objectant's contention, there was no new evidence that the propounded will was the product of fraud (see Matter of Zirinsky, 43 AD3d 946, 948 [2007]; Matter of Gerdjikian, 8 AD3d 277 [2004]; Matter of Gross, 242 AD2d 333 [1997]). However, viewing the evidence in the light most favorable to the objectant, as the party opposing summary judgment (see Ogletree v Rush Realty Assoc., LLC, 29 AD3d 875, 876 [2006]), there was circumstantial evidence regarding the alleged exercise of undue influence sufficient to raise a triable issue of fact (see Hearst v Hearst, 50 AD3d 959, 961-962 [2008]; Matter of Gerdjikian, 8 AD3d 277, 278 [2004]; Matter of Itta, 225 AD2d 548 [1996]; Matter of Raskas, 213 AD2d 718, 719 [1995]).

The objectant's remaining contention is without merit. Rivera, J.P., Miller, Carni and McCarthy, JJ., concur.