Matter of Bullock (2019 NY Slip Op 03588)





Matter of Bullock


2019 NY Slip Op 03588


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-10425

[*1]In the Matter of Shirley Bullock, deceased. James Gibbs, appellant; Wallicia Hayes, respondent. (File No. 3869/14)


Cahill & Cahill, P.C., Brooklyn, NY (James H. Cahill, Jr., of counsel), for appellant.
Ira Kopito, Brooklyn, NY, for respondent.



DECISION & ORDER
In a contested probate proceeding, the petitioner appeals from an order of the Surrogate's Court, Kings County (Diana A. Johnson, S.), dated September 7, 2016. The order, insofar as appealed from, denied that branch of the petitioner's motion which was for summary judgment dismissing the objection to probate based on undue influence.
ORDERED that the order is affirmed insofar as appealed from, with costs payable by the petitioner.
The decedent, Shirley Bullock, died on October 19, 2013. She was never married, and she did not have any children. On December 13, 2001, the decedent purportedly executed a last will and testament (hereinafter the 2001 will) in which she devised her personal property to Wallicia Hayes (hereinafter the objectant), a person described in the 2001 will as her "friend," and her real property to both the objectant and a person described in the 2001 will as the decedent's niece. On December 2, 2009, the decedent executed a last will and testament (hereinafter the 2009 will) that revoked all prior wills and codicils and provided that James Gibbs (hereinafter the petitioner) would receive all of her real and personal property if he survived her, and if he did not, then the residuary estate would be paid and distributed to the petitioner's wife, Florence Gibbs (hereinafter the petitioner's wife).
On October 10, 2014, the objectant filed a petition for probate of the 2001 will. On February 2, 2015, the petitioner filed an amended cross petition for probate of the 2009 will. The objectant filed objections to probate of the 2009 will, alleging, inter alia, that the 2009 will had been procured by undue influence. The petitioner moved for summary judgment dismissing the objections and admitting the 2009 will to probate. In an order dated September 7, 2016, the Surrogate's Court, inter alia, denied that branch of the motion which was for summary judgment dismissing the undue influence objection. The petitioner appeals.
"While summary judgment may be available in probate proceedings, that remedy is inappropriate in any case where there are material issues of fact" (Matter of Pollock, 64 NY2d 1156, 1158 [citation omitted]). For the petitioner in a contested probate proceeding to demonstrate prima facie entitlement to judgment as a matter of law, the petitioner must present evidence that the will was duly executed, that the decedent possessed testamentary capacity, and that no undue influence was exercised upon the decedent (see Matter of Sabatelli, 161 AD3d 872, 873, 875; Matter of Shui [*2]Yuk Mak Chin, 153 AD3d 628, 628; Matter of Zirinsky, 43 AD3d 946, 947). If the petitioner establishes his or her prima facie case, then the objectant must raise a triable issue of fact in opposition (see Matter of Sabatelli, 161 AD3d at 875; Matter of Greenberg, 34 AD3d 806, 807).
Undue influence can be shown "by all the facts and circumstances surrounding the testator, the nature of the will, his [or her] family relations, the condition of his [or her] health and mind, his [or her] dependency upon and subjection to the control of the person supposed to have wielded the influences, the opportunity and disposition of the person to wield it, and the acts and declarations of such person" (Matter of Henig, 11 AD3d 614, 615). "Although undue influence may be established through circumstantial evidence, such evidence must be of a substantial nature, and an inference of undue influence cannot be reasonably drawn from circumstances when they are not inconsistent with a contrary inference" (Matter of Cianci,165 AD3d 655, 657 [internal quotation marks omitted]).
Here, in opposition to the petitioner's prima facie showing of entitlement to judgment as a matter of law, the objectant raised a triable issue of fact as to whether the petitioner, who was not related to the deceased, exerted undue influence over the deceased. Specifically, the objectant submitted evidence, among other things, that the attorney who drafted the 2009 will was initially contacted by the petitioner, the petitioner was present during the meetings between that attorney and the decedent, including at the execution of the 2009 will, the attorney's fee for drafting the 2009 will was paid by the petitioner's wife, and the 2009 will was a complete departure from the decedent's previous testamentary plan (see Matter of DiChiaro, 39 AD3d 751, 751; Matter of Gerdjikian, 8 AD3d 277, 278).
The petitioner's remaining contentions are without merit.
Accordingly, we agree with the denial of that branch of the petitioner's motion which was for summary judgment dismissing the objection to probate based on undue influence.
LEVENTHAL, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court