Matter of Gobes (2020 NY Slip Op 07887)





Matter of Gobes


2020 NY Slip Op 07887


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
BETSY BARROS
PAUL WOOTEN, JJ.


2018-11859
2018-11865

[*1]In the Matter of Raymond F. Gobes, Sr., deceased. Raymond F. Gobes, Jr., appellant, Georgine Kamide, respondent. (File No. 305/17)


Leavy & Coogan-Leavy, PLLC, Huntington, NY (Michael G. Leavy of counsel), for appellant.
Egan & Golden, LLP, Patchogue, NY (Michael Garabedian and Page Traxler of counsel), for respondent.



DECISION & ORDER
In a contested probate proceeding, the objectant appeals from (1) an order of the Surrogate's Court, Suffolk County (John M. Czygier, Jr., S.), dated June 29, 2018, and (2) a decree of the same court dated July 27, 2018. The order, insofar as appealed from, granted the petitioner's motion for summary judgment dismissing the objections to probate of the last will and testament of the decedent and to admit the will to probate. The decree, insofar as appealed from, upon the order, admitted the will to probate.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the decree is reversed insofar as appealed from, on the law, those branches of the petitioner's motion which were for summary judgment dismissing the objections to probate based on testamentary incapacity and undue influence and to admit the will to probate are denied, and the order dated June 29, 2018, is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the appellant.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the decree (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the decree (see CPLR 5501[a][1]).
The decedent died after a terminal illness on December 22, 2016, survived by three children, including the petitioner and the objectant. The petitioner commenced this proceeding to admit to probate a last will and testament of the decedent dated December 16, 2016. The objectant filed objections to probate on the grounds that, inter alia, the decedent lacked testamentary capacity and the will was the product of undue influence and fraud on the part of, among others, the petitioner. At the completion of discovery, the petitioner moved for summary judgment dismissing the objections to probate and to admit the will to probate. In an order dated June 29, 2018, the [*2]Surrogate's Court, among other things, granted the motion and dismissed the objections. In a decree dated July 27, 2018, the Surrogate's Court, inter alia, upon the order, admitted the will to probate. The objectant appeals.
"The granting of summary judgment in a contested probate proceeding is rare" (Matter of Christie, 170 AD3d 718, 719). "While summary judgment may be available in probate proceedings, that remedy is inappropriate in any case where there are material issues of fact" (Matter of Pollock, 64 NY2d 1156, 1158). For the petitioner in a contested probate proceeding to demonstrate prima facie entitlement to judgment as a matter of law, the petitioner must present evidence that the will was duly executed, that the decedent possessed testamentary capacity, and that no undue influence was exercised upon the decedent (see Matter of Sabatelli, 161 AD3d 872, 873-875; Matter of Shui Yuk Mak Chin, 153 AD3d 628, 628; Matter of Zirinsky, 43 AD3d 946, 947). If the petitioner establishes a prima facie case, then the objectant must raise a triable issue of fact in opposition (see Matter of Sabatelli, 161 AD3d at 875; Matter of Greenberg, 34 AD3d 806, 807).
"It is the indisputable rule in a will contest that '[t]he proponent has the burden of proving that the testator possessed testamentary capacity and the court must look to the following factors: (1) whether she [or he] understood the nature and consequences of executing a will; (2) whether she [or he] knew the nature and extent of the property she [or he] was disposing of; and (3) whether she [or he] knew those who would be considered the natural objects of her [or his] bounty and her [or his] relations with them'" (Matter of Kumstar, 66 NY2d 691, 692, quoting Matter of Slade, 106 AD2d 914, 915; Matter of Martinico, 177 AD3d 882, 884). "Testamentary capacity need only be shown at the time the will was executed" (Matter of Martinico, 177 AD3d at 884).
Here, the petitioner established, prima facie, that, at the time of the will's execution, the decedent understood the nature and consequences of making the will, the nature and extent of his property, and the natural objects of his bounty (see Matter of Kumstar, 66 NY2d at 692; Matter of Martinico, 177 AD3d at 884). However, in opposition, the objectant raised a triable issue of fact. The objectant demonstrated, among other things, that, in the days immediately preceding and following the will's execution, the decedent, terminally ill, was "steadily declining," had prescriptions for opioid medications, and was being encouraged by medical providers to enter hospice care, which the decedent, or the decedent's companion and primary caregiver, who also was a beneficiary of the will, refused for the decedent to do until only a few days after the will's execution ceremony (see Matter of Raskas, 213 AD2d 718, 719).
Moreover, the petitioner failed to eliminate all triable issues of fact with respect to undue influence. "Undue influence can be shown 'by all the facts and circumstances surrounding the testator, the nature of the will, his [or her] family relations, the condition of his [or her] health and mind, his [or her] dependency upon and subjection to the control of the person supposed to have wielded the influences, the opportunity and disposition of the person to wield it, and the acts and declarations of such person'" (Matter of Bullock, 172 AD3d 853, 855, quoting Matter of Henig, 11 AD3d 614, 615). "'Although undue influence may be established through circumstantial evidence, such evidence must be of a substantial nature, and an inference of undue influence cannot be reasonably drawn from circumstances when they are not inconsistent with a contrary inference'" (Matter of Bullock, 172 AD3d at 855, quoting Matter of Cianci, 165 AD3d 655, 657). "Where a will has been prepared by an attorney associated with a beneficiary, an explanation is called for . . ., and it is a question of fact for the jury as to whether the proffered explanation is adequate" (Matter of Elmore, 42 AD2d 240, 241 [citation omitted]; see Matter of Raskas, 213 AD2d at 718-719).
Here, the evidence demonstrates that the will was prepared and its execution was supervised by the attorney for one of the will's beneficiaries, the decedent's nephew, who also participated in the preparation and execution of the will (see Matter of Raskas, 213 AD2d at 719; Matter of Elmore, 42 AD2d at 241). Two of the decedent's three children, including the objectant, were disinherited by the will. The petitioner submitted contradictory evidence as to whether and to what extent the beneficiaries participated in the preparation of the will, which, as demonstrated above, was accomplished while the decedent was in the final stages of a terminal illness and dependent on his companion and caregiver for "everything." Therefore, "viewing the evidence in [*3]a light most favorable to the objectant, as the party opposing summary judgment, there was circumstantial evidence regarding the alleged undue influence sufficient to raise a triable issue of fact" (Matter of Katz, 63 AD3d 836, 838 [citation omitted]; see Matter of Bullock, 172 AD3d at 855).
Accordingly, we reverse the decree insofar as appealed from, deny those branches of the petitioner's motion which were for summary judgment dismissing the objections to probate based on testamentary incapacity and undue influence and to admit the will to probate, and modify the order accordingly.
BALKIN, J.P., LEVENTHAL, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court