Fischer v Reed (2024 NY Slip Op 01001)

Fischer v Reed

2024 NY Slip Op 01001

Decided on February 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2022-09510
 (Index No. 70675/19)

[*1]Cheryl Reed Fischer, respondent, 
v
William B. Reed, etc., et al., appellants, et al., defendant.

Catania, Mahon & Rider, PLLC, Newburgh, NY (Ari I. Bauer of counsel), for appellant William B. Reed.
Drake Loeb PLLC, New Windsor, NY (Ralph L. Puglielle, Jr., of counsel), for appellant Winifred Hecht Reed.
Greenfield Stein & Senior, LLP, New York, NY (Angelo M. Grasso and Brooke S. Morris of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to set aside an amendment to a trust, the defendant Winifred Hecht Reed appeals, and the defendant William B. Reed, individually and as Trustee of the James Reed Revocable Trust dated June 15, 2010, separately appeals, from an order of the Supreme Court, Westchester County (William J. Giacomo, J.), dated October 3, 2022. The order, insofar as appealed from by the defendant Winifred Hecht Reed, denied that defendant's motion for summary judgment, in effect, dismissing the amended complaint. The order, insofar as appealed from by the defendant William B. Reed, individually and as Trustee of the James Reed Revocable Trust dated June 15, 2010, denied that defendant's separate motion for summary judgment dismissing the amended complaint.
ORDERED that the order is affirmed, with one bill of costs.
In 2010, James Reed (hereinafter the decedent) executed the James Reed Revocable Trust, which included bequests to his three children, the plaintiff, the defendant William B. Reed (hereinafter William Reed), and Lynn Reed, and a $25,000 bequest to the defendant Winifred Hecht Reed (hereinafter Hecht Reed, and together with William Reed, the defendants). In February 2012, the decedent and Hecht Reed signed a prenuptial agreement whereby both individuals waived any and all claims to the other's estate that may be acquired by marriage, and in April 2012, they were married. In October 2016, the decedent executed the First Amendment to the James Reed Revocable Trust (hereinafter the Amendment), which, among other things, increased the bequest to Hecht Reed, increased William Reed's share of the residuary, and disinherited the plaintiff. The decedent died in 2019 at the age of 93.
Thereafter, the plaintiff commenced this action, inter alia, to set aside the Amendment. William Reed moved for summary judgment dismissing the amended complaint, and Hecht Reed separately moved for summary judgment, in effect, dismissing the amended complaint. In an order dated October 3, 2022, the Supreme Court denied both motions. Hecht Reed appeals, [*2]and William Reed separately appeals.
An objectant to the probate of a will or similar instrument on the basis of undue influence must demonstrate that the influence exercised "amounted to a moral coercion, which restrained independent action and destroyed free agency, or which, by importunity which could not be resisted, constrained the [testator or settlor] to do that which was against his or her free will and desire, but which he or she was unable to refuse or too weak to resist" (Hearst v Hearst, 50 AD3d 959, 961-962 [alterations and internal quotation marks omitted]; see Matter of Cianci, 165 AD3d 655, 657). Undue influence is proved by examining all of the facts and circumstances surrounding the transaction/instrument, including "the nature of the will, his or her family relations, the condition of his or her health and mind, his or her dependency upon and subjection to the control of the person supposed to have wielded the influences, the opportunity and disposition of the person to wield it, and the acts and declarations of such person" (Matter of Rozof, 219 AD3d 1428, 1429). Also relevant is whether the instrument is "unnatural or the result of an unexplained departure from a previously expressed intention of the decedent" (id. at 1429 [internal quotation marks omitted]). "Where a confidential relationship is established between the decedent and the beneficiary, through evidence of circumstances that demonstrate inequality or a controlling influence, an inference of undue influence arises which requires the beneficiary to come forward with an explanation of the circumstances of the transaction" (id. at 1430 [citation, alterations, and internal quotation marks omitted]; see Matter of Cianci, 165 AD3d at 658). "The existence of a confidential relationship will ordinarily be a question of fact" (Matter of Rozof, 219 AD3d at 1430 [internal quotation marks omitted]), and "[t]he granting of summary judgment in a[ny] contested probate proceeding is rare" (Matter of Christie, 170 AD3d 718, 719).
Here, the defendants each established, prima facie, that the Amendment was not the product of undue influence. However, in response, the plaintiff raised a triable issue of fact. In particular, there was evidence that the attorney who drafted the Amendment was, to some extent, connected to one of William Reed's attorneys and had communicated with William Reed before meeting with the decedent (see Matter of Gobes, 189 AD3d 1402, 1405; Matter of Gerdjikian, 8 AD3d 277). Further, the defendants drove the decedent to and were present for at least part of the meeting that resulted in the execution of the Amendment (see Matter of Bullock, 172 AD3d 853, 855; Matter of Itta, 225 AD2d 548, 548). The submissions also revealed triable issues of fact as to whether William Reed had a confidential relationship with the decedent (see Matter of Rozof, 219 AD3d at 1430; Matter of Bonczyk v Williams, 119 AD3d 1124, 1127).
The defendants' remaining contentions are without merit.
Accordingly, the Supreme Court correctly denied William Reed's motion for summary judgment dismissing the amended complaint and Hecht Reed's separate motion for summary judgment, in effect, dismissing the amended complaint.
DUFFY, J.P., WOOTEN, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court