Matter of Bolsinger
2026 NY Slip Op 03792
June 17, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Elliott Bolsinger, etc. deceased. Elaine Bolsinger, appellant; Serrina Brown, respondent. (File No. 1006/22)

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 17, 2026
2024-13651
Valerie Brathwaite Nelson, J.P.
Helen Voutsinas
Carl J. Landicino
Susan Quirk, JJ.

John C. Wirth, Jr., Rhinebeck, NY, for appellant.
Corbally, Gartland and Rappleyea, LLP, Pleasant Valley, NY (Alexandra Downey Thomas of counsel), for respondent.

[*1]
DECISION & ORDER
In a contested probate proceeding, the objectant appeals from an order and decree (one paper) of the Surrogate's Court, Dutchess County (Michael G. Hayes, S.), dated August 29, 2024. The order and decree, insofar as appealed from, granted those branches of the petitioner's motion which were for summary judgment dismissing the objections to probate based on lack of due execution, lack of testamentary capacity, and undue influence, and admitted to probate the last will and testament of Elliott Bolsinger dated November 2, 2022.
ORDERED that the order and decree is reversed insofar as appealed from, on the law, with costs, and those branches of the petitioner's motion which were for summary judgment dismissing the objections to probate based on lack of due execution, lack of testamentary capacity, and undue influence are denied.
Elliott Bolsinger (hereinafter the decedent) died on November 4, 2022. He was survived by, among others, his granddaughter, Serrina Brown (hereinafter the petitioner). He was also survived by his daughter, Elaine Bolsinger (hereinafter the objectant).
The petitioner commenced this proceeding to admit to probate the decedent's last will and testament dated November 2, 2022. The objectant filed objections to probate on the grounds, among others, that the decedent lacked testamentary capacity, that the will was not duly executed, and that the will was the product of undue influence. The petitioner moved for summary judgment dismissing the objections to probate. In an order and decree dated August 29, 2024, the Surrogate's Court, inter alia, granted those branches of the petitioner's motion which were for summary judgment dismissing the objections to probate based on lack of due execution, lack of testamentary capacity, and undue influence and admitted the will to probate. The objectant appeals.
"'The granting of summary judgment in a contested probate proceeding is rare'" (Matter of Gobes, 189 AD3d 1402, 1403, quoting Matter of Christie, 170 AD3d 718, 719). "For the petitioner in a contested probate proceeding to demonstrate prima facie entitlement to judgment as a matter of law, the petitioner must present evidence that the will was duly executed, that the decedent possessed testamentary capacity, and that no undue influence was exercised upon the decedent" (id. at 1403-1404; see Matter of Sabatelli, 161 AD3d 872, 873-875).
"'It is the indisputable rule in a will contest that [t]he proponent has the burden of proving that the testator possessed testamentary capacity and the court must look to the following factors: (1) whether she [or he] understood the nature and consequences of executing a will; (2) whether she [or he] knew the nature and extent of the property she [or he] was disposing of; and (3) whether she [or he] knew those who would be considered the natural objects of her [or his] bounty and her [or his] relations with them'" (Matter of Martinico, 177 AD3d 882, 884, quoting Matter of Kumstar, 66 NY2d 691, 692; see Matter of Gobes, 189 AD3d at 1404). "'Testamentary capacity need only be shown at the time the will was executed'" (Matter of Gobes, 189 AD3d at 1404, quoting Matter of Martinico, 177 AD3d at 884).
Here, the petitioner established, prima facie, that the decedent had testamentary capacity at the time the will was executed. The record established that, during the preparation of the will, the decedent knew the nature and extent of his property that he was devising. However, in opposition, the objectant demonstrated, among other things, that in the days immediately preceding and following the will's execution, the decedent was terminally ill and in hospice care, was bedridden, had prescriptions for various medications, and was close to death (see id.). As such, triable issues of fact remain as to whether the decedent had testamentary capacity at the time the will was executed. Thus, the Surrogate's Court should have denied that branch of the petitioner's motion which was for summary judgment dismissing the objection to probate based on lack of testamentary capacity.
"The proponent of a will has the burden of proving that the propounded instrument was duly executed in conformance with the statutory requirements" (Matter of Christie, 170 AD3d at 719; see EPTL 3-2.1[a]; Matter of Sabatelli, 161 AD3d at 873). Where the record "does not indicate that the will execution was supervised by an attorney, or even that an attorney drafted the will, . . . the 'presumption of regularity' that accompanies such supervision is not present in the matter" (Matter of Greene, 89 AD3d 941, 943 [citation omitted], quoting Matter of Tuccio, 38 AD3d 791, 791). "However, a presumption of compliance with the statutory requirements also arises where a propounded will contains an executed attestation clause and a self-proving affidavit" (id.; see Matter of Michels, 192 AD3d 1110, 1111).
Here, the petitioner established, prima facie, that the will was duly executed by submitting the will, which contained an executed attestation clause and a self-proving affidavit, and transcripts of the deposition testimony of the attesting witnesses and the notary (see Matter of Farrell, 84 AD3d 1374, 1374). However, in opposition, the objectant raised triable issues of fact as to whether the will was executed in conformance with the statutory requirements (see EPTL 3-2.1[a][3]; Matter of Greene, 89 AD3d at 943). Thus, the Surrogate's Court should have denied that branch of the petitioner's motion which was for summary judgment dismissing the objection to probate based on lack of due execution.
"To invalidate an instrument on the ground of undue influence, there must be evidence that the influence exerted amounted to a moral coercion that restrained independent action and destroyed free agency or that, by importunity that could not be resisted, constrained a person to do that which was against his or her free will and desire, but which he or she was unable to refuse or too weak to resist" (Crawford v Smith, 219 AD3d 691, 693; see Matter of Nurse, 160 AD3d 745, 748). "In general, the burden of proving undue influence rests with the party asserting its existence" (Crawford v Smith, 219 AD3d at 693; see Matter of Nurse, 160 AD3d at 748). "An inference of undue influence, requiring the beneficiary to explain the circumstances of the bequest, arises when a beneficiary under a will was in a confidential or fiduciary relationship with the testator and was involved in the drafting of the will" (Matter of Neenan, 35 AD3d 475, 476; see Matter of Rozof, 219 AD3d 1428, 1429). "The adequacy of the explanation presents a question of fact for the jury" (Matter of Neenan, 35 AD3d at 475). The existence of a confidential relationship is also "ordinarily . . . a question of fact" (Matter of Rozof, 219 AD3d at 1430 [internal quotation marks omitted]).
Here, the record reflects that one of the decedent's three daughters, Cara Bolsinger (hereinafter Cara), was apprised of the decedent's finances in the days leading up to the execution of the will and that Cara prepared the will herself without the assistance of an attorney. The record [*2]also reflects that the decedent was "wholly reliant" on Cara during the preparation of the will and there are questions of fact as to whether she had a "controlling influence" on him (Matter of Nurse, 160 AD3d at 748). In addition, the petitioner, who is Cara's daughter, was named as a beneficiary of the will, receiving a share of the decedent's estate equal to the shares to be received by the decedent's children. As such, an inference of undue influence arises (see Matter of Rozof, 219 AD3d at 1430; Matter of Gobes, 189 AD3d at 1405), and there remain triable issues of fact in that regard (see Matter of Neenan, 35 AD3d at 475). Thus, the Surrogate's Court should have denied that branch of the petitioner's motion which was for summary judgment dismissing the objection to probate based on undue influence.
The objectant's remaining contentions are not properly before this Court.
BRATHWAITE NELSON, J.P., VOUTSINAS, LANDICINO and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court