In the Matter of the Estate of ALEX HENIG, Deceased. NORMAN HENIG, Appellant; RHONDA HOJANDIOV, Respondent. [782 NYS2d 666]—

In a contested probate proceeding, the objectant appeals from a decree of the Surrogate's Court, Kings County (Harkavy, S.), dated February 28, 2003, which admitted the will to probate and awarded letters testamentary to the proponent.

Ordered that the decree is affirmed, with costs payable by the objectant personally.

Undue influence can be shown by all the facts and circumstances surrounding the testator, the nature of the will, his family relations, the condition of his health and mind, his dependency upon and subjection to the control of the person supposed to have wielded the influences, the opportunity and disposition of the person to wield it, and the acts and declarations of such person (*see Matter of Bach,* 133 AD2d 455 [1987]; *see also Matter of Walther,* 6 NY2d 49 [1959]).

Here, the objectant failed to meet his burden of proving by a fair preponderance of the evidence that the testator made the will as a result of undue influence (*see Matter of Kaufmann,* 14 AD2d 411 [1961]).

The Surrogate's Court properly refused to admit evidence of certain events which occurred after the execution of the will. The evidence was both speculative in nature and not relevant on the issue of undue influence (*cf. Matter of Rosen,* 296 AD2d 504 [2002]; *Matter of Steinhardt,* 228 AD2d 685 [1996]).

The objectant's remaining contentions are without merit. Santucci, J.P., Luciano, Schmidt and Rivera, JJ., concur.