In the Matter of the Estate of KATHRYN M. NEENAN, Deceased. JEAN L. HICKEY, Respondent; ALFRED ADAMS et al., Appellants. [827 NYS2d 164]—

In a contested probate proceeding, the objectants appeal, as limited by their brief, from so much of a decree of the Surrogate's Court, Rockland County (Weiner, S.), dated April 30, 2004, as, upon a jury verdict in favor of the proponent and upon so much of an order of the same court dated April 20, 2004, as denied those branches of their motion pursuant to CPLR 4404 (a) which were to set aside the jury verdict and for judgment as a matter of law on the issue of undue influence, or alternatively, to set aside the verdict as against the weight of the evidence and for a new trial on the issue of undue influence, or, in the alternative, to set aside the verdict on the issue of undue influence in the interest of justice, determined that the decedent was not under restraint at the time of executing the will, admitted the will to probate, and awarded letters testamentary to the proponent.

Ordered that the decree is reversed insofar as appealed from,

on the law and in the exercise of discretion, with costs, that branch of the motion which was to set aside the jury verdict on the issue of undue influence in the interest of justice is granted, the order dated April 20, 2004, is modified accordingly, and the matter is remitted to the Surrogate's Court, Rockland County, for a new trial on the issue of undue influence.

On December 29, 2000, the decedent Kathryn M. Neenan executed her last will and testament under the supervision of an attorney. The decedent had no children. She designated her niece, Jean L. Hickey, as the executrix of her estate, and divided her probate assets between Jean and Stephen C. Hickey, her great-nephew and Jean's son. The decedent left nothing to her nephew Alfred Adams, or to Maureen Caivano, Victor Langella, or Richard Langella, the children of the decedent's predeceased niece, Miriam Langella. Following the decedent's death, Jean offered the will for probate, and Alfred, Maureen, Victor, and Richard (hereinafter the objectants) filed objections to probate, and demanded a jury trial.

At trial, testimony was elicited that Stephen acted as the decedent's accountant, and that he assisted the decedent with her finances as well. Moreover, Stephen played an active role in selecting the decedent's attorney, and was directly involved in the preparation of the testamentary instrument offered for probate.

An inference of undue influence, requiring the beneficiary to explain the circumstances of the bequest, arises when a beneficiary under a will was in a confidential or fiduciary relationship with the testator and was involved in the drafting of the will (see Matter of Putnam, 257 NY 140; Matter of Collins, 124 AD2d 48 [1987]). Although the inference does not shift the burden of proof on the issue of undue influence, it places the burden on the beneficiary to explain the circumstances of the bequest (see Matter of Bach, 133 AD2d 455 [1987]; Matter of Collins, supra). The adequacy of the explanation presents a question of fact for the jury (see Matter of Bach, supra; Matter of Burke, 82 AD2d 260 [1981]). Since Stephen served as the decedent's accountant, assisted her with her financial affairs, chose an attorney for her, and was directly involved in the preparation of the decedent's will, the Surrogate's Court erred in declining to instruct the jury that there was an inference of undue influence, and that the burden should have been placed on Stephen to explain the circumstances of the bequest (see PJI2d 7:56). Accordingly, a new trial on the issue of undue influence is required.

The Surrogate's Court properly refused to admit into evidence a photocopy of a prior will allegedly executed by the

decedent, as the objectants failed to explain the unavailability of the primary evidence (see *Schozer v William Penn Life Ins. Co. of N.Y.,* 84 NY2d 639 [1994]). Since the objectants failed to establish that they made a diligent search in the location where the prior will was last known to have been kept, the photocopy was properly excluded from evidence (*id.*).

Further, the Surrogate's Court correctly declined to admit into evidence the entire guardianship file pertaining to the decedent. The admission of these materials would have been severely prejudicial as they may have contained damaging hearsay (see *Matter of Leon RR,* 48 NY2d 117, 122 [1979]; CPLR 4518 [a]).

The objectants' remaining contentions are without merit. Adams, J.P., Ritter, Santucci and Lifson, JJ., concur.