■ In the Matter of DOROTHY W. ROMANO, Deceased. JOHN GARY ROMANO et al., Appellants; STUART PRATT, Respondent. [27 NYS3d 86]—

In a probate proceeding in which John Gary Romano and Patricia Ann Romano petitioned, inter alia, to vacate a decree dated February 13, 2013, admitting to probate a will dated November 7, 2007, John Gary Romano and Patricia Ann Romano appeal, as limited by their brief, from so much of an order of the Surrogate's Court, Suffolk County (Czygier, Jr., S.), dated March 4, 2014, as granted that branch of Stuart Pratt's motion which was for summary judgment dismissing their petition.

Ordered that the order is affirmed insofar as appealed from, with costs payable by the appellants personally.

In 1996, the decedent executed a will leaving a portion of her residuary estate to the appellants and a portion to the wife of

Stuart Pratt. In 2007, the decedent executed a will leaving a larger portion of her residuary estate to Pratt, his wife, and their son, and none of her residuary estate to the appellants. The decedent died in 2012, and, in a decree dated February 13, 2013, the 2007 will was admitted to probate. The appellants filed a petition, inter alia, to vacate the decree and set aside the 2007 will, alleging that the decedent lacked testamentary capacity to make the 2007 will, and that Pratt and his son exerted undue influence upon her. Pratt moved, inter alia, for summary judgment dismissing the petition, and the Surrogate's Court granted that branch of the motion.

Pratt established his prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that the decedent possessed testamentary capacity to execute the 2007 will (*see Matter of Kumstar*, 66 NY2d 691 [1985]; *Matter of Curtis*, 130 AD3d 722 [2015]; *Matter of Williams*, 13 AD3d 954 [2004]). In opposition, the appellants failed to raise a triable issue of fact, submitting only affidavits from individuals who had no contact with the decedent at the time of the making of the 2007 will. Medical records indicating that the decedent had dementia and memory loss in 2007 do not negate the showing that she had testamentary capacity at the time the 2007 will was executed (*see Matter of Williams*, 13 AD3d at 956; *Gala v Magarinos*, 245 AD2d 336 [1997]).

As to the allegation of undue influence, Pratt established his prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that the decedent was living independently, both physically and financially, at the time of the making of the 2007 will. In opposition, the appellants submitted no evidence that the decedent was subjected to undue influence in making the 2007 will (*see Matter of Mele*, 113 AD3d 858 [2014]). Their submissions amounted to mere speculation and conjecture as to the purported influence of Pratt and his son over the decedent. Without a showing that undue influence was actually exerted, mere speculation as to motive and opportunity are insufficient (*see Matter of Chiurazzi*, 296 AD2d 406 [2002]).

Accordingly, the Surrogate's Court properly granted that branch of Pratt's motion which was for summary judgment dismissing the petition. Mastro, J.P., Chambers, Miller and Hinds-Radix, JJ., concur.