■ In the Matter of MORRIS JACOBS, Deceased. SUSAN THYS-JACOBS, Respondent; ELLENMORRIS TIEGERMAN, Appellant. [57 NYS3d 410]—

Appeal by the objectant from a decree of the Surrogate's Court, Nassau County (Edward W. McCarty III, S.), dated April 13, 2015. The decree, upon an order of that court dated March 31, 2015, granting the petitioner's motion for summary judgment dismissing the objections to probate of the last will and testament of the decedent dated October 14, 2009, admitted the will to probate, and issued letters testamentary to the petitioner.

Ordered that the decree is affirmed, with costs.

The decedent, Morris Jacobs, died on April 16, 2011. He was survived by his wife, Rita Jacobs, and his three children, Ellenmorris Tiegerman, Susan Thys-Jacobs, and Daniel Jacobs. The decedent's last will and testament, dated October 14, 2009, nominated Rita as the executor of the estate and Susan as the successor executor. Rita filed a petition to admit the will to probate. After Rita became unable to fulfil her fiduciary responsibilities, Susan petitioned to admit the will to probate and to be appointed executor of the estate. Ellenmorris filed objections to the probate of the propounded will on the grounds that, inter alia, the decedent lacked testamentary capacity and that the will was the product of undue influence. Susan moved for summary judgment dismissing the objections. In an order dated March 31, 2015, the Surrogate's Court granted Susan's motion for summary judgment dismissing the objections to probate. In the decree appealed from, the court admitted the will to probate, and issued letters testamentary to Susan. Ellenmorris appeals from the decree.

The Surrogate's Court properly granted that branch of Susan's motion which was for summary judgment dismissing the objection alleging that the decedent lacked testamentary capacity. Susan proffered, among other things, self-proving affidavits of two people, in which each declared that the decedent was of sound mind, memory, and understanding, and not under any restraint or in any respect incompetent to make a will. "Such evidence constituted prima facie evidence of the facts attested to and created a presumption of testamentary capacity" (*Matter of Curtis*, 130 AD3d 722, 722-723 [2015]; *see Matter of Templeton*, 116 AD3d 781, 782 [2014]). In opposition to Susan's prima facie showing, Ellenmorris failed to raise a triable issue of fact as to testamentary capacity (*see Matter of Davis*, 154

AD2d 461, 462 [1989]; *Matter of Minasian*, 149 AD2d 511 [1989]; *see also Matter of Fish*, 134 AD2d 44, 46 [1987]; *Matter of Khazaneh*, 15 Misc 3d 515, 521-522 [Sur Ct, NY County 2006]). Thus, the court properly dismissed the objection alleging that the decedent lacked testamentary capacity.

The Surrogate's Court also properly granted that branch of Susan's motion which was for summary judgment dismissing the objection based on undue influence. Susan demonstrated her prima facie entitlement to judgment as a matter of law (*see Matter of DiDomenico*, 101 AD3d 998, 1000 [2012]; *Matter of Rottkamp*, 95 AD3d 1338, 1340 [2012]). In opposition, Ellenmorris failed to raise a triable issue of fact (*see Matter of Romano*, 137 AD3d 922, 922 [2016]; *Matter of Mele*, 113 AD3d 858, 860 [2014]; *Matter of Rottkamp*, 95 AD3d at 1340). Therefore, the court properly dismissed the objection alleging undue influence. Balkin, J.P., Austin, Roman and LaSalle, JJ., concur.