Matter of Robbins (2022 NY Slip Op 03729)

Matter of Robbins

2022 NY Slip Op 03729

Decided on June 8, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.

2019-03887

[*1]In the Matter of Sonia Yudko Robbins, etc., deceased. David H. Schwartz, petitioner-respondent; Sari Escovitz, objectant-appellant; Shelley Ann Quilty-Lake, nonparty- respondent. (File No. 4158/16)

William V. DeCandido, P.C., Forest Hills, NY, for objectant-appellant.
Ferguson Cohen LLP, White Plains, NY (Gerard M. Wrynn, Michael K. Stanton, Jr., John-Christopher Record, and Donna Furey of counsel), for petitioner-respondent.

DECISION & ORDER
In a contested probate proceeding, the objectant appeals from an order and decree (one paper) of the Surrogate's Court, Queens County (Peter J. Kelly, S.), dated January 30, 2019. The order and decree, upon a decision of the same court dated October 3, 2018, in effect, granted the separate motions of the petitioner and Shelley Ann Quilty-Lake, as guardian ad litem, inter alia, for summary judgment dismissing the objections to probate of the decedent's last will and testament dated January 29, 2013, and admitted the will to probate.
ORDERED that the order and decree is affirmed, with costs.
The decedent died on April 12, 2016, and is survived by a son, a daughter, and several grandchildren. The petitioner, who is the decedent's son and nominated executor of her will, filed a petition for probate dated September 27, 2016. The decedent's daughter (hereinafter the objectant) filed objections to probate on the grounds of lack of testamentary capacity, undue influence, and fraud. After discovery, the petitioner and the guardian ad litem, who represented the petitioner's four children (hereinafter together the movants), separately moved, inter alia, for summary judgment dismissing the objections.
In a decision dated October 3, 2018, the Surrogate's Court determined that the motions for summary judgment should be granted. In an order and decree dated January 30, 2019, the court, upon the decision, in effect, granted the motions, and admitted the will to probate. The objectant appeals. We affirm.
"The proponent of a will has the burden of proving that the propounded instrument was duly executed in conformance with the statutory requirements" (Matter of Christie, 170 AD3d 718, 719; see Matter of Mele, 113 AD3d 858, 859; Matter of Rottkamp, 95 AD3d 1338, 1339). Here, the movants demonstrated their prima facie entitlement to judgment as a matter of law by submitting the transcript of the deposition testimony and an affidavit of the attorney who drafted the will and witnessed its execution, along with the transcript of the deposition testimony of the additional attesting witness, which demonstrated that the statutory requirements for due execution were satisfied. Moreover, "[w]here the will is drafted by an attorney and the drafting attorney [*2]supervises the will's execution, there is a presumption of regularity that the will was properly executed in all respects" (Matter of Sabatelli, 161 AD3d 872, 873-874). In opposition, the objectant failed to raise a triable issue of fact (see Matter of Mele, 113 AD3d at 860; Matter of Rottkamp, 95 AD3d at 1339).
Contrary to the objectant's contention, the Surrogate's Court properly awarded the movants summary judgment dismissing the objection based on lack of testamentary capacity. The proponent of a will has the burden of proving that the testator possessed testamentary capacity and the court must look to the following factors: (1) whether she understood the nature and consequences of executing a will; (2) whether she knew the nature and extent of the property she was disposing of; and (3) whether she knew those who would be considered the natural objects of her bounty and her relations with them (see Matter of Martinico, 177 AD3d 882). Testamentary capacity need only be shown at the time the will was executed and physical weakness and senile dementia are not necessarily inconsistent with testamentary capacity (see id.).
Here, the movants submitted evidence establishing, prima facie, that the decedent possessed testamentary capacity at the time the will was executed in the form of the self-proving affidavit of the attesting witnesses and the affidavits and deposition testimony of those witnesses (see Matter of Sabatelli, 161 AD3d at 874). In opposition, the objectant failed to raise a triable issue of fact (see Matter of Romano, 137 AD3d 922).
Further, the Surrogate's Court properly awarded the movants summary judgment dismissing the objections alleging fraud and undue influence. The movants established their prima facie entitlement to judgment as a matter of law dismissing these objections through evidence that the will was duly executed, that the decedent possessed testamentary capacity, and that the will was not the product of fraud or undue influence (see Matter of Martinico, 177 AD3d at 885; Matter of Cianci, 165 AD3d 655, 657). In opposition, the objectant failed to submit any evidence, other than conclusory allegations and speculation, that the petitioner or the attorney-drafter actually exerted undue influence over the decedent (see Matter of Cianci, 165 AD3d at 657-658), or that any fraudulent statements were made to the decedent to induce her to make a will disposing of her property in a manner contrary to that which she otherwise would have effected (see Matter of Christie, 170 AD3d at 720; Matter of Mele, 113 AD3d 858; Matter of Rottkamp, 95 AD3d at 1340).
The objectant's remaining contentions are without merit.
BARROS, J.P., RIVERA, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court