Matter of Rozof (2023 NY Slip Op 04668)

Matter of Rozof

2023 NY Slip Op 04668

Decided on September 20, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 20, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2021-06044
 (Index No. 2012/07)

[*1]In the Matter of Edna B. Rozof, etc., deceased. Arthur Rozof, appellant; Linda Guber, et al., respondents.

Alter & Barbaro, Brooklyn, NY (Do K. Lee of counsel), for appellant.
Schwartz, Fang & Keating, P.C., Woodbury, NY (Charles E. Holster and Neil B. Fang of counsel), for respondents.

DECISION & ORDER
In a contested probate proceeding, the petitioner appeals from an order of the Surrogate's Court, Kings County (Harriet L. Thompson, S.), dated July 26, 2021. The order, insofar as appealed from, denied that branch of the petitioner's motion which was for summary judgment dismissing the objection to probate based on undue influence.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The petitioner, Arthur Rozof, is the proponent of a will executed by his late mother, Edna B. Rozof. The petitioner's three siblings, Linda Guber, Mark Rozof, and Judith Teitell, filed objections to probate of the will, alleging, inter alia, that the will had been procured by undue influence. The petitioner moved for summary judgment dismissing the objections, and the objectants opposed the motion. In an order dated July 26, 2021, the Surrogate's Court, among other things, denied that branch of the motion which was for summary judgment dismissing the objection based on undue influence. The petitioner appeals.
"'The granting of summary judgment in a contested probate proceeding is rare'" (Matter of Gobes, 189 AD3d 1402, 1403, quoting Matter of Christie, 170 AD3d 718, 719). "While summary judgment may be available in probate proceedings, that remedy is inappropriate in any case where there are material issues of fact" (Matter of Pollock, 64 NY2d 1156, 1158 [citation omitted]). On a motion for summary judgment dismissing an objection based upon undue influence, the movant bears the prima facie burden of demonstrating that the will was not the product of undue influence [*2](see Matter of Michels, 192 AD3d 1110, 1112; Matter of Gobes, 189 AD3d at 1403-1404).
Undue influence can be shown by all the facts and circumstances surrounding the testator, the nature of the will, his or her family relations, the condition of his or her health and mind, his or her dependency upon and subjection to the control of the person supposed to have wielded the influences, the opportunity and disposition of the person to wield it, and the acts and declarations of such person (see Matter of Gobes, 189 AD3d at 1404-1405; Matter of Henig, 11 AD3d 614, 615). Also relevant is whether the will is "unnatural or the result of an unexplained departure from a previously expressed intention of the decedent" (Matter of Walther, 6 NY2d 49, 55). Where a confidential relationship is established between the decedent and the beneficiary, through "evidence of circumstances that demonstrate inequality or a controlling influence" (Matter of Albert, 137 AD3d 1266, 1268), "'[a]n inference of undue influence' arises which requires the beneficiary to come forward with an explanation of the circumstances of the transaction" (Matter of DelGatto, 98 AD3d 975, 978, quoting Matter of Neenan, 35 AD3d 475, 476; see Matter of Cianci, 165 AD3d 655, 657). The existence of a confidential relationship "will ordinarily be a question of fact" (Matter of Nealon, 104 AD3d 1088, 1089, affd 22 NY3d 1045; see Matter of Neumann, 210 AD3d 492, 493-494).
Here, the transcript of the deposition testimony of the attorney who drafted the subject will, which was submitted by the petitioner in support of his motion, reveals triable issues of fact as to whether the petitioner had a confidential relationship with the decedent, and whether the execution of the will was the result of the petitioner's undue influence (see Matter of Gobes, 189 AD3d at 1404-1405). This testimony reveals triable issues of fact as to, among other things, the extent to which the decedent was dependent upon the petitioner for the management of her affairs, whether the decedent was aware of the legal consequences of the transaction, and the extent to which the will reflected an unexplained departure from the decedent's previously expressed intentions. Accordingly, the Surrogate's Court properly denied that branch of the petitioner's motion which was for summary judgment dismissing the objection based on undue influence (see id.).
IANNACCI, J.P., CHAMBERS, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court