Matter of Baird (Cardelli) (2026 NY Slip Op 01506)

Matter of Baird (Cardelli)

2026 NY Slip Op 01506

Decided on March 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
DEBORAH A. DOWLING
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2024-11649
2024-11650

[*1]In the Matter of William Parks Baird, etc., deceased. W. Robert Baird, et al., respondents; Mary Louise Baird Cardelli, et al., appellants. (Proceeding No. 1)
In the Matter of the William P. Baird Revocable Trust, etc. Mary Louise Baird Cardelli, et al., appellants; W. Robert Baird, et al., respondents. (Proceeding No. 2) (File Nos. 217/20C, 217/20D)

Goetz Platzer LLP, New York, NY (Alison Arden Besunder and Stephanie L. Goldstein of counsel), for appellants.
Greenfield Stein & Senior LLP, New York, NY (Angelo M. Grasso, Seth W. LeMaster, and Samantha Davis of counsel), for respondents.

DECISION & ORDER
In a contested probate proceeding, and a related proceeding to invalidate a trust agreement, Mary Louise Baird Cardelli and Elizabeth Cardelli appeal from (1) an order of the Surrogate's Court, Orange County (Timothy P. McElduff, Jr., S.), dated October 3, 2024, and (2) a decree of the same court dated October 7, 2024. The order, insofar as appealed from, (a) granted those branches of the motion of W. Robert Baird, Allen Baird, and Charles Baird which were for summary judgment dismissing the objections of Mary Louise Baird Cardelli and Elizabeth Cardelli to probate of the last will and testament of William P. Baird dated October 31, 2019, based on lack of due execution, lack of testamentary capacity, and undue influence, (b) granted those branches of the separate motion of W. Robert Baird, Allen Baird, and Charles Baird which were for summary judgment dismissing so much of the amended petition to invalidate a trust agreement creating the William P. Baird Revocable Trust as alleged that William P. Baird lacked contractual capacity and that the trust agreement was the product of undue influence, and (c) denied the motion of Mary Louise Baird Cardelli and Elizabeth Cardelli for summary judgment declaring any transfers made to the William P. Baird Revocable Trust void for lack of authority and directing W. Robert Baird and Allen Baird to account for and return to the estate of William P. Baird any and all assets transferred to the William P. Baird Revocable Trust. The decree, upon the order, admitted the last will and testament of William P. Baird dated October 31, 2019, to probate.
ORDERED that the appeal from so much of the order as granted those branches of the motion of W. Robert Baird, Allen Baird, and Charles Baird which were for summary judgment dismissing the objections of Mary Louise Baird Cardelli and Elizabeth Cardelli to probate of the last will and testament of William P. Baird dated October 31, 2019, based on lack of due execution, lack of testamentary capacity, and undue influence is dismissed; and it is further,
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the separate motion of W. Robert Baird, Allen Baird, and Charles Baird which was for summary judgment dismissing so much of the amended petition to invalidate the trust agreement creating the William P. Baird Revocable Trust as alleged that the trust agreement was the product of undue influence, and substituting therefor a provision denying that branch of the separate motion; as so modified, the order is affirmed insofar as reviewed; and it is further,
ORDERED that the decree is reversed, on the law, that branch of the motion of W. Robert Baird, Allen Baird, and Charles Baird which was for summary judgment dismissing the objection of Mary Louise Baird Cardelli and Elizabeth Cardelli to probate of the last will and testament of William P. Baird dated October 31, 2019, based on undue influence is denied, and the order dated October 3, 2024, is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to Mary Louise Baird Cardelli and Elizabeth Cardelli.
The appeal from so much of the order as granted those branches of the motion of W. Robert Baird, Allen Baird, and Charles Baird which were for summary judgment dismissing the objections of Mary Louise Baird Cardelli and Elizabeth Cardelli to probate of the last will and testament of William P. Baird dated October 31, 2019, based on lack of due execution, lack of testamentary capacity, and undue influence must be dismissed because the right of direct appeal therefrom terminated with the entry of the decree (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from that portion of the order are brought up for review and have been considered on the appeal from the decree (see CPLR 5501[a][1]).
On March 25, 2020, William P. Baird (hereinafter the decedent) died at the age of 101. He had three sons, W. Robert Baird (hereinafter Robert), Allen Baird (hereinafter Allen), and Charles Baird (hereinafter collectively the Bairds), and one daughter, Mary Louise Baird Cardelli. Elizabeth Cardelli (hereinafter together with Mary, the Cardellis) is Mary's daughter.
In June 2019, the decedent executed a last will and testament, which, in relevant part, named his four children as equal residuary beneficiaries and co-executors of his estate. That instrument was generally consistent with the decedent's previous testamentary instruments. On October 31, 2019, the decedent executed a last will and testament (hereinafter the will), which, in relevant part, bequeathed a certain sum to Mary, named only the Bairds as residuary beneficiaries and co-executors of the estate, and included an in terrorem clause. On November 29, 2019, the decedent executed a trust agreement creating the William P. Baird Revocable Trust (hereinafter the trust), which was funded with all of his personal property. The trust agreement provided, in relevant part, that Mary was to receive the same sum identified in the will upon the decedent's death, either through the trust or the will, and that the Bairds were to share equally in the remainder of the trust. Allen and Robert were appointed co-trustees of the trust.
The Bairds offered the will for probate. The Cardellis filed objections to the probate of the will based on, inter alia, lack of due execution, lack of testamentary capacity, and undue influence. The Cardellis commenced a separate proceeding to invalidate the trust agreement, alleging, among other things, that the decedent lacked contractual capacity and that the trust agreement was the product of undue influence. The Bairds interposed an answer.
The Bairds moved, inter alia, for summary judgment dismissing the Cardellis' objections to probate of the will based on lack of due execution, lack of testamentary capacity, and undue influence. The Bairds separately moved, among other things, for summary judgment dismissing so much of the amended petition to invalidate the trust agreement as alleged that the decedent lacked contractual capacity and that the trust agreement was the product of undue influence. The Cardellis moved for summary judgment declaring any transfers made to the trust void for lack of authority and directing Allen and Robert to account for and return to the estate any and all assets transferred to the trust. In an order dated October 3, 2024, the Surrogate's Court, inter alia, granted those branches of the Bairds' motion which were for summary judgment dismissing the Cardellis' objections to probate of the will based on lack of due execution, lack of testamentary capacity, and undue influence, granted those branches of the Bairds' separate motion which were for summary [*2]judgment dismissing so much of the amended petition to invalidate the trust agreement as alleged that the decedent lacked contractual capacity and that the trust agreement was the product of undue influence, and denied the Cardellis' motion. In a decree dated October 7, 2024, the court admitted the will to probate. The Cardellis appeal.
"The proponent of a will has the burden of proving that the propounded instrument was duly executed in conformance with the statutory requirements" (Matter of Biondo, 215 AD3d 675, 676 [internal quotation marks omitted]; see EPTL 3-2.1[a]; Matter of Fiorentino, 224 AD3d 685, 686). "Where the will is drafted by an attorney and the drafting attorney supervises the will's execution, there is a presumption of regularity that the will was properly executed in all respects" (Matter of Armato, 199 AD3d 999, 1000 [internal quotation marks omitted]; see Matter of Sabatelli, 161 AD3d 872, 873-874). "Additionally, where the propounded will is accompanied by an attestation clause and a self-proving affidavit, a presumption of compliance with the statutory requirements arises" (Matter of Biondo, 215 AD3d at 676-677 [internal quotation marks omitted]; see Matter of Sabatelli, 161 AD3d at 874).
The Bairds demonstrated their prima facie entitlement to judgment as a matter of law dismissing the Cardellis' objection to probate of the will based on lack of due execution by submitting a transcript of the deposition testimony of an attorney who drafted the will and supervised its execution and the will, which included an attestation clause and a self-proving affidavit (see Matter of Fiorentino, 224 AD3d at 686; Matter of Biondo, 215 AD3d at 677). In opposition, the Cardellis failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the Bairds' motion which was for summary judgment dismissing the Cardellis' objection to probate of the will based on lack of due execution.
"'The proponent of a will has the burden of proving that the testator possessed testamentary capacity and the court must look to the following factors: (1) whether [the testator] understood the nature and consequences of executing a will; (2) whether [the testator] knew the nature and extent of the property she [or he] was disposing of; and (3) whether [the testator] knew those who would be considered the natural objects of her [or his] bounty and her [or his] relations with them'" (Matter of Baldino, 230 AD3d 681, 682, quoting Matter of Robbins, 206 AD3d 739, 740). "Testamentary capacity need only be shown at the time the will was executed and physical weakness or senile dementia is not necessarily inconsistent with testamentary capacity" (id.; see Matter of Robbins, 206 AD3d at 740).
The Bairds demonstrated, prima facie, that the decedent possessed testamentary capacity at the time the will was executed by submitting, among other things, the self-proving affidavit of attesting witnesses and transcripts of the deposition testimony of those witnesses (see Matter of Austin, 242 AD3d 739, 741; Matter of Armato, 199 AD3d at 1000; Matter of Sabatelli, 161 AD3d at 874). In opposition, the Cardellis failed to raise a triable issue of fact (see Matter of Romano, 137 AD3d 922, 923; Matter of Hedges, 100 AD2d 586, 588). Accordingly, the Supreme Court properly granted that branch of the Bairds' motion which was for summary judgment dismissing the Cardellis' objection to probate of the will based on lack of testamentary capacity.
"On a motion for summary judgment dismissing an objection based upon undue influence, the movant bears the prima facie burden of demonstrating that the will was not the product of undue influence" (Matter of Rozof, 219 AD3d 1428, 1429; see Fischer v Reed, 224 AD3d 886, 887). "Undue influence is proved by examining all of the facts and circumstances surrounding the transaction/instrument, including 'the nature of the will, [the decedent's] family relations, the condition of his or her health and mind, his or her dependency upon and subjection to the control of the person supposed to have wielded the influences, the opportunity and disposition of the person to wield it, and the acts and declarations of such person'" (Fischer v Reed, 224 AD3d at 887, quoting Matter of Rozof, 219 AD3d at 1429; see Matter of Walther, 6 NY2d 49, 53; Matter of Gobes, 189 AD3d 1402, 1404-1405). "Also relevant is whether the will is 'unnatural or the result of an unexplained departure from a previously expressed intention of the decedent'" (Matter of Rozof, 219 AD3d at 1429, quoting Matter of Walther, 6 NY2d at 55).
"Where a confidential relationship is established between the decedent and the beneficiary, through evidence of circumstances that demonstrate inequality or a controlling [*3]influence, an inference of undue influence arises which requires the beneficiary to come forward with an explanation of the circumstances of the transaction" (id. at 1430 [citation, alteration, and internal quotation marks omitted]; see Fischer v Reed, 224 AD3d at 887). "The existence of a confidential relationship will ordinarily be a question of fact" (Matter of Rozof, 219 AD3d at 1430 [internal quotation marks omitted]; see Fischer v Reed, 224 AD3d at 887).
The Bairds demonstrated their prima facie entitlement to judgment as a matter of law dismissing the Cardellis' objection to probate of the will based on undue influence. However, in opposition, the Cardellis raised triable issues of fact as to whether Allen had a confidential relationship with the decedent and whether the execution of the will was the product of Allen's undue influence (see Matter of Rozof, 219 AD3d at 1430; Matter of Gobes, 189 AD3d at 1404-1405). In particular, the Cardellis presented evidence that Allen controlled the decedent's communications, finances, and care, which raised an issue of fact as to the extent to which the decedent was dependent on Allen for the management of his affairs (see Matter of Rozof, 219 AD3d at 1430). The Cardellis also presented evidence that the decedent invited Elizabeth, by telephone, to meet with him, that Elizabeth was turned away when she got to the decedent's home, and that the decedent's home telephone was disconnected shortly thereafter, which, along with other evidence, raised an issue of fact as to Allen's role in severing contact between the decedent and the Cardellis in July 2019. Moreover, the will presented as an unexplained departure from the decedent's previous testamentary intent (see Matter of Walther, 6 NY2d at 55; Matter of Rozof, 219 AD3d at 1430).
In light of these circumstances, the Surrogate's Court should have denied that branch of the Bairds' motion which was for summary judgment dismissing the Cardellis' objection to probate of the will based on undue influence. For these same reasons, the court should have denied that branch of the Bairds' separate motion which was for summary judgment dismissing so much of the amended petition to invalidate the trust agreement as alleged that the trust agreement was the product of undue influence.
As the Cardellis contend, the Surrogate's Court erred in applying a testamentary capacity standard, as opposed to a contractual capacity standard, in granting that branch of the Bairds' separate motion which was for summary judgment dismissing so much of the amended petition to invalidate the trust agreement as alleged that the decedent lacked capacity (see Murphy v Hollins-Reid, 237 AD3d 839, 840). However, as the Bairds contend, so much of the amended petition as alleged that the decedent lacked capacity is subject to dismissal when applying the correct standard. "As a general rule, a party's competence is presumed, and in order to set aside a transfer of property on the ground of lack of capacity, it must be established that the party did not understand the nature of the transaction at the time of the conveyance as a result of his or her mental disability" (Matter of Moore, 204 AD3d 1014, 1015 [internal quotation marks omitted]; see Murphy v Hollins-Reid, 237 AD3d at 840). Here, the Bairds established, prima facie, that the decedent possessed contractual capacity at the time the trust agreement was executed by submitting the trust agreement, as well as a transcript of the deposition testimony of the decedent's attorney, who drafted the trust agreement and oversaw its execution (see Murphy v Hollins-Reid, 237 AD3d at 840; Matter of Moore, 204 AD3d at 1015; cf. Matter of Nurse, 160 AD3d 745, 747). In opposition, the Cardellis failed to raise a triable issue of fact.
The Cardellis' remaining contention is without merit.
DILLON, J.P., DOWLING, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court