Matter of Gennarelli

2026 NY Slip Op 01962

April 1, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Lillian Gennarelli, deceased. Mary W. Giaquinto, et al., respondents; Frances Wakefield, et al., appellants. (File No. 877/17)

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 1, 2026

2020-09691

Francesca E. Connolly, J.P.

Paul Wooten

Janice A. Taylor

Carl J. Landicino, JJ.

Mitchell E. Wilensky, New York, NY, for appellants.

Cullen and Dykman LLP, Garden City, NY (Andrew P. Nitkewicz of counsel), for respondents.

[*1]

DECISION & ORDER

In a contested probate proceeding, the objectants appeal from a decree of the Surrogate's Court, Kings County (Margarita LÓpez Torres, S.), dated September 16, 2020. The decree, upon an order of the same court dated May 7, 2020, inter alia, granting those branches of the petitioners' motion which were for summary judgment dismissing the objections to probate of the decedent's last will and testament based on lack of testamentary capacity and undue influence on the part of the petitioner Joan Theodos, admitted the will to probate.

ORDERED that the decree is reversed, on the law, with costs payable by the petitioners personally, that branch of the petitioners' motion which was for summary judgment dismissing the objection to probate of the decedent's last will and testament based on undue influence on the part of the petitioner Joan Theodos is denied, and the order dated May 7, 2020, is modified accordingly.

The petitioners are the proponents of a last will and testament executed by Lillian Gennarelli (hereinafter the decedent). Two of the children of the decedent's brother filed objections to probate of the will, alleging, inter alia, that the decedent lacked testamentary capacity and that the will had been procured by undue influence on the part of the petitioner Joan Theodos. The petitioners moved, among other things, for summary judgment dismissing the objections based on lack of testamentary capacity and undue influence on the part of Theodos. In an order dated May 7, 2020, the Surrogate's Court, inter alia, granted those branches of the petitioners' motion. In a decree dated September 16, 2020, the court admitted the will to probate. The objectants appeal.

"The granting of summary judgment in a contested probate proceeding is rare" (Matter of Christie, 170 AD3d 718, 719). "'While summary judgment may be available in probate proceedings, that remedy is inappropriate in any case where there are material issues of fact'" (Matter of Gobes, 189 AD3d 1402, 1403, quoting Matter of Pollock, 64 NY2d 1156, 1158).

The Surrogate's Court correctly granted that branch of the petitioners' motion which was for summary judgment dismissing the objection based on lack of testamentary capacity. "'The proponent of a will has the burden of proving that the testator possessed testamentary capacity and [*2]the court must look to the following factors: (1) whether [the testator] understood the nature and consequences of executing a will; (2) whether [the testator] knew the nature and extent of the property she [or he] was disposing of; and (3) whether [the testator] knew those who would be considered the natural objects of her [or his] bounty and her [or his] relations with them'" (Matter of Baldino, 230 AD3d 681, 682, quoting Matter of Robbins, 206 AD3d 739, 740). "Testamentary capacity need only be shown at the time the will was executed and physical weakness or senile dementia is not necessarily inconsistent with testamentary capacity" (id.; see Matter of Robbins, 206 AD3d at 740).

Here, the petitioners established their prima facie entitlement to judgment as a matter of law on the issue of testamentary capacity by submitting, among other things, the deposition testimony of the attorney who prepared the will, who testified that on the day of the execution of the will, he "saw no indication that illness or anything else was in the way" and that he "did not see" any apparent mental infirmities. The attorney also testified that the decedent was "[n]ot weakened mentally" at the time (see Matter of Armato, 199 AD3d 999, 1000). The petitioners also submitted an affidavit of two witnesses to the signing of the will, who stated that the decedent was "of sound mind, memory and understanding and not under any restraint or in any respect incompetent to make a will" and "was not suffering from any defect of sight, hearing or speech, or from any other physical or mental impairment, which would affect her capacity to make a valid will." In opposition, the objectants failed to raise a triable issue of fact. Although they submitted an affirmation of a physician who stated that the decedent was diagnosed with conditions that were causing her to experience dementia and confusion, the affirmation presented a speculative opinion as to the decedent's condition at the time of the signing of the will and did not negate the petitioners' prima facie showing (see Matter of Robbins, 206 AD3d at 740; Matter of Romano, 137 AD3d 922, 923).

However, the Surrogate's Court should not have granted that branch of the petitioners' motion which was for summary judgment dismissing the objection based on undue influence on the part of Theodos. "To invalidate an instrument on the ground of undue influence, there must be evidence that the influence exerted amounted to a moral coercion that restrained independent action and destroyed free agency or that, by importunity that could not be resisted, constrained a person to do that which was against his or her free will and desire, but which he or she was unable to refuse or too weak to resist" (Crawford v Smith, 219 AD3d 691, 693; see Matter of Nurse, 160 AD3d 745, 748). "In general, the burden of proving undue influence rests with the party asserting its existence" (Crawford v Smith, 219 AD3d at 693; see Matter of Nurse, 160 AD3d at 748). "An inference of undue influence, requiring the beneficiary to explain the circumstances of the bequest, arises when a beneficiary under a will was in a confidential or fiduciary relationship with the testator and was involved in the drafting of the will" (Matter of Neenan, 35 AD3d 475, 476; see Matter of Rozof, 219 AD3d 1428, 1429). "The adequacy of the explanation presents a question of fact for the jury" (Matter of Neenan, 35 AD3d at 476). The existence of a confidential relationship is also "ordinarily . . . a question of fact" (Matter of Rozof, 219 AD3d at 1430).

Here, the record reflects that Theodos was assisting in the management of the decedent's finances in the years leading up to the execution of the will and that certain provisions of the will were communicated to the decedent's attorney through Theodos. In addition, Theodos was named as one of the executors of the will and was also named as a beneficiary, receiving a bequest of $20,000. As such, an inference of undue influence arises (see id.; Matter of Gobes, 189 AD3d at 1405), and there remain triable issues of fact in that regard (see Matter of Neenan, 35 AD3d at 475). Accordingly, the Surrogate's Court should have denied that branch of the petitioners' motion which was for summary judgment dismissing the objection based on undue influence on the part of Theodos.

The objectants' remaining contention need not be considered.

CONNOLLY, J.P., WOOTEN, TAYLOR and LANDICINO, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court