Matter of Chouake

2026 NY Slip Op 03304

May 27, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Shoshannah Chouake, etc., deceased. Sheldon Krause, respondent; Benjamin Chouake, appellant. (File No. 2212/18)

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 27, 2026

2023-12169

Angela G. Iannacci, J.P.

Linda Christopher

Barry E. Warhit

Carl J. Landicino, JJ.

Michael F. Mongelli, II, P.C. (Horn Appellate Group, Brooklyn, NY [Scott T. Horn], of counsel), for appellant.

Greenfield Stein & Senior, LLP, New York, NY (Angelo M. Grasso and Tzipora Zelmanowitz of counsel), for respondent.

[*1]

DECISION & ORDER

In a contested probate proceeding, the objectant appeals from a decree of the Surrogate's Court, Queens County (Peter J. Kelly, S.), dated August 22, 2023. The decree, insofar as appealed from, upon an order of the same court dated April 6, 2023, inter alia, granting that branch of the petitioner's motion which was for summary judgment dismissing the objection to probate of the decedent's last will and testament based on undue influence, admitted the will to probate.

ORDERED that the decree is reversed insofar as appealed from, on the law, with costs payable by the petitioner personally, that branch of the petitioner's motion which was for summary judgment dismissing the objection to probate of the decedent's last will and testament based on undue influence is denied, and the order dated April 6, 2023, is modified accordingly.

The petitioner commenced this proceeding to admit to probate the last will and testament of Shoshannah Chouake (hereinafter the decedent) dated December 28, 2017. The petitioner, who was not related to the decedent, was the executor named in the decedent's will and a primary beneficiary thereunder. The objectant, the decedent's brother, filed objections to probate on the ground, inter alia, that the will was the product of undue influence.

The petitioner moved, among other things, for summary judgment dismissing the objection based on undue influence. In an order dated April 6, 2023, the Surrogate's Court, inter alia, granted that branch of the petitioner's motion. In a decree dated August 22, 2023, the court, among other things, admitted the will to probate. The objectant appeals.

"On a motion for summary judgment dismissing an objection based upon undue influence, the movant bears the prima facie burden of demonstrating that the will was not the product of undue influence" (Matter of Rozof, 219 AD3d 1428, 1429; see Matter of Michels, 192 AD3d 1110, 1112). "Undue influence can be shown 'by all the facts and circumstances surrounding the testator, the nature of the will, his [or her] family relations, the condition of his [or her] health and mind, his [or her] dependency upon and subjection to the control of the person supposed to have [*2]wielded the influences, the opportunity and disposition of the person to wield it, and the acts and declarations of such person'" (Matter of Bullock, 172 AD3d 853, 855, quoting Matter of Henig, 11 AD3d 614, 615; see Matter of Gobes, 189 AD3d 1402, 1404-1405). Moreover, "[w]here a confidential relationship is established between the decedent and the beneficiary, through evidence of circumstances that demonstrate inequality or a controlling influence, an inference of undue influence arises which requires the beneficiary to come forward with an explanation of the circumstances of the transaction" (Matter of Rozof, 219 AD3d at 1430 [alteration, citation, and internal quotation marks omitted]; see Matter of DelGatto, 98 AD3d 975, 978). "The existence of a confidential relationship 'will ordinarily be a question of fact'" (Matter of Rozof, 219 AD3d at 1430, quoting Matter of Nealon, 104 AD3d 1088, 1089, affd 22 NY3d 1045).

Here, the petitioner failed to eliminate all triable issues of fact as to whether the petitioner had a confidential relationship with the decedent and whether the execution of the will was the result of the petitioner's undue influence (see id.). The petitioner's submissions demonstrated that he was an attorney who previously assisted the decedent in litigation involving the estate of the decedent's mother and held a power of attorney for the decedent. Additionally, the record reflects that the petitioner communicated with the attorney draftsperson regarding the preparation of the will, which occurred while the decedent was in the final stages of a terminal illness (see Matter of Gobes, 189 AD3d at 1405; Matter of Bullock, 172 AD3d at 855). Under the circumstances presented, the Surrogate's Court should have denied that branch of the petitioner's motion which was for summary judgment dismissing the objection based on undue influence.

IANNACCI, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court